COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NOS.
2-07-403-CR

                                               2-07-404-CR

 

 

 

JOSEPH ALBERT DURANT                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Joseph Albert
Durant entered an open plea of guilty to two charges of burglary of a building
and also pleaded guilty to the enhancements. 
The trial court found Durant guilty and assessed his punishment at ten
years= confinement in each case to run concurrently.








Durant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
Counsel=s brief and
motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Durant was given the opportunity to file a pro se brief, but he did not
do so.

As the reviewing court, we
must conduct an independent evaluation of the record to determine whether counsel
is correct in determining that the appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 923 (Tex.
App.CFort Worth 1995, no pet.).  Only
then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 82B83, 109 S.
Ct. 346, 351 (1988).  Because Durant
entered an open plea of guilty, our independent review for potential error is
limited to potential jurisdictional defects, the voluntariness of Durant=s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.  See Monreal v. State, 99 S.W.3d 615,
620 (Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666B67 (Tex. Crim. App. 2000).








We have carefully reviewed
the record and counsel=s
brief.  We agree with counsel that this
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the
appeal.  See Bledsoe v. State, 178
S.W.3d 824, 827B28 (Tex.
Crim. App. 2005); accord Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).  We therefore grant
counsel=s motion to withdraw and affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL: 
LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
September 4, 2008











[1]See Tex. R. App. P. 47.4





[2]386 U.S. 738, 87 S. Ct. 1396
(1967).